IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

HAROLD E. BAILEY, TRUSTEE §
 §
    Plaintiff, §
 §
VS. § Case No. 4:12cv178
 §
BAC HOME LOAN SERVICING, L.P., §
THE BANK OF NEW YORK MELLON, §
and RECONTRUST COMPANY, N.A. §
 §
    Defendants. §

## MEMORANDUM OPINION AND ORDER
## OF UNITED STATES MAGISTRATE JUDGE

Now before the Court is Defendants BAC Home Loan Servicing, L.P., now Bank of America, N.A., by merger, ReconTrust Company, N.A., and The Bank of New York Mellon's (collectively "Defendants") Motion to Dismiss in Response to Plaintiff's Amended Complaint (Dkt. 11). As set forth below, the Court finds that the motion should be GRANTED.

### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On or about June 9, 2006, Borrower Leticia Berdion executed a Deed of Trust and Promissory Note with BSM Financial, the original lender, to purchase real property located at 1902 Sparrows Point Court, Plano, Texas, 75023 ("the Property"). Subsequently, on or about September 3, 2007, the Borrower executed a Warranty Deed conveying the Property to Plaintiff Harold E.

1

Bailey as Trustee of the Texas Land Trust.

On or about February 29, 2012, Plaintiff filed suit *pro se* in the 296th Judicial District of Collin County, Texas, apparently seeking to stop foreclosure on the Property. *See* Dkt. 2. On March 27, 2012, Defendants removed the matter to this Court. *See* Dkt. 1.

After removal, Plaintiff, still proceeding *pro se*, amended his complaint seeking declaratory judgment and injunctive relief against Defendants. *See* Dkt. 9.

On May 17, 2012, Defendants filed an Amended Motion to Dismiss, seeking to dismiss Plaintiffs' Amended Complaint. *See* Dkt. 11. First, Defendants argue that Plaintiff, as a junior lien holder, has no authority to halt the foreclosure of a senior lienholder's interest. *Id.* at ¶ 1. Next, Defendants challenge Plaintiff's standing to challenge foreclosure under the Deed of Trust. *Id.* In addition, Defendants contend, Plaintiff fails to plead an underlying cause of action necessary to support a claim for declaratory or injunctive relief. *Id.*

Plaintiff filed a one-paragraph response in opposition claiming that he is the owner and not the junior lienholder of the Property and that the purpose of his suit is to enjoin the foreclosure action and pursue a settlement. *See* Dkt. 14.

Since the filing of the motion and response, Plaintiff has retained counsel. In light of the deadlines in the Court's scheduling order and a failure to show good cause, the Court denied counsel's request to amend the scheduling order in order to refile Plaintiff's complaint until the Court addressed the pending dispositive motion to dismiss, as any amendment prior to that would

have been prejudicial to Defendants.[1]  *See* Dkt. 31.  The Court now addresses Defendants' arguments.

## STANDARD FOR MOTION TO DISMISS

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a party may move for dismissal of an action for failure to state a claim upon which relief can be granted.  FED. R. CIV. P. 12(b)(6).  The Court must accept as true all well-pleaded facts contained in the plaintiff's complaint and view them in the light most favorable to the plaintiff.  *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).  A claim will survive an attack under Rule 12(b)(6) if it "may be supported by showing any set of facts consistent with the allegations in the complaint."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563, 127 S. Ct. 1955, 1969, 167 L. Ed.2d 929 (2007).  In other words, a claim may not be dismissed based solely on a court's supposition that the pleader is unlikely "to find evidentiary support for his allegations or prove his claim to the satisfaction of the factfinder."  *Id*. at 563 n.8.

Although detailed factual allegations are not required, a plaintiff must provide the grounds of his entitlement to relief beyond mere "labels and conclusions," and "a formulaic recitation of the elements of a cause of action will not do."  *Id*. at 555.  The complaint must be factually suggestive, so as to "raise a right to relief above the speculative level" and into the "realm of plausible liability."  *Id*. at 555, 557 n.5.  "To survive a motion to dismiss, a complaint must contain sufficient factual

---

[1] The Court also notes that Plaintiff's counsel failed to appear at the hearing set on the motion to amend the scheduling order – a motion which was filed approximately one month prior to the pretrial conference setting.

matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed.2d 868 (2009), (quoting *Twombly*, 550 U.S. at 570, 127 S. Ct. 1955)). For a claim to have facial plausibility, a plaintiff must plead facts that allow the court to draw the reasonable inference that the defendant is liable for the alleged misconduct. *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009). Therefore, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief." *Id*. (internal quotations omitted).

## ANALYSIS

The Court has reviewed Defendants' motion to dismiss and finds that it raises meritorious grounds for dismissal. Specifically, Defendants argue that Plaintiff is, at best, a junior lienholder who is not a party to the mortgage documents at issue and therefore has no standing to challenge the foreclosure. Having reviewed the record before it, the Court agrees.

In determining standing, the Court must undertake a "careful judicial examination of a complaint's allegations to ascertain whether the particular plaintiff is entitled to an adjudication of the particular claims asserted." *DaimlerChrysler Corp. v. Cuno*, 126 S. Ct. 1854, 1867, 164 L. Ed.2d 589 (2006) (quoting *Allen v. Wright,* 468 U.S. 737, 752, 104 S. Ct. 3315, 82 L. Ed.2d 556 (1984)). The question of standing involves the determination of whether a particular litigant is entitled to invoke the jurisdiction of the federal court in order to decide the merits of a dispute or of particular

issues. *Elk Grove Unified Sch. Dist. v. Newdow,* 542 U.S. 1, 11, 124 S. Ct. 2301, 2308, 159 L. Ed.2d (2004). A party has standing if: (1) he has suffered a "concrete and particularized" injury that is actual or imminent rather than conjectural or hypothetical; (2) there is a causal relationship between the injury and the challenged conduct; and (3) it is likely and not merely speculative that the injury will be redressed by a favorable decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61, 112 S. Ct. 2130, 2136, 119 L. Ed.2d 351 (1992); *Westfall v. Miller,* 77 F.3d 868, 871 (5th Cir. 1996).

In order for Plaintiff to establish standing sufficient to overcome a motion to dismiss, Plaintiff "must show that he is under threat of suffering 'injury in fact' that is concrete and particularized; the threat must be actual and imminent, not conjectural or hypothetical; it must be fairly traceable to the challenged action of the defendant; and it must be likely that a favorable judicial decision will prevent or redress the injury." *Summers v. Earth Island Inst.*, 555 U.S. 488, 493, 129 S. Ct. 1149, 173 L. Ed. 2d (2009).

Plaintiff appears to challenge Defendants' authority to foreclose on the Property. However, the Deed of Trust as to the Property indicates – as Defendants argue and Plaintiff does not state any facts to challenge – that the person who signed the Deed of Trust was Leticia Berdion, an individual. *See* Dkt. 11-2.[2] The borrower on the Deed of Trust is *not* identified a trustee acting on behalf of a

---

[2]A district court may consider documents attached to a motion to dismiss if the documents are referred to in the plaintiff's complaint and are central to the plaintiff's claims. *Scanlan v. Tex*as *A & M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003) (citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000)); *see also Causey v. Sewell Cadillac-Chevrolet*, 394 F.3d 285, 288 (5th Cir. 2004). The Fifth Circuit has also held that courts are permitted to refer to matters of public record when deciding a motion to dismiss under Rule

trust nor does it name Plaintiff in any way. *Id*. Because Plaintiff was not a party to the Deed of Trust, he has not shown – and likely cannot show – how he would have standing to bring suit under them. *See Steele v. Green Tree Servicing, LLC*, 2010 WL 3565415, at *4 (N.D. Tex. 2010) (noting that a plaintiff must be a party to deed of trust to establish standing for suit challenging foreclosure).

Plaintiff has the burden of proof and persuasion as to the existence of standing as to his claims. *Lujan*, 504 U.S. at 561, 112 S. Ct. at 2136; *Int'l Ass'n of Machinists & Aerospace Workers v. Goodrich Corp.*, 410 F.3d 204, 211-12 (5th Cir. 2005). Plaintiff has not stated any facts that would show standing and therefore has not sustained his burden here. Plaintiff has already amended his complaint once, the deadline to amend pleadings fell more than six months ago, and Defendants' motion – identifying these pleading deficiencies – has been pending for more than eight months. Plaintiff – even if *pro se* for a period of time – has had sufficient time to state his claims.

Because Plaintiff has failed to state any facts entitling him to any relief, he is not entitled to declaratory or injunctive relief. *See California Prods., Inc. v. Puretex Lemon Juice, Inc.*, 160 Tex. 586, 334 S.W.2d 780, 781 (Tex. 1960) ("there must be a justiciable controversy between the parties before a declaratory judgment action will lie."); *DSC Comm. Corp. v. DGI Techs, Inc.*, 81 F.3d 597, 600 (5th Cir. 1996) (to assert a request for injunctive relief, a plaintiff is required to show "a

---

12(b)(6). *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1996). "[T]aking judicial notice of public records directly relevant to the issue in dispute is proper on a Rule 12(b)(6) review and does not transform the motion into one for summary judgment." *Motten v. Chase Home Fin.*, 2001 WL 2566092 at *2 (S.D. Tex. 2011) (*citing Funk v. Stryker Corp.*, 631 F.3d 777, 780 (5th Cir. 2011). The Court accordingly considers the Deed of Trust here.

substantial likelihood of success on the merits."). This matter should be dismissed in its entirety.

Based on the facts before the Court, Plaintiff is a junior lienholder who has no standing to challenge Defendants' foreclosure under the original mortgage documents between Leticia Berdion and BSM Financial.

Therefore, Defendants BAC Home Loan Servicing, L.P., now Bank of America, N.A., by merger, ReconTrust Company, N.A., and The Bank of New York Mellon's Motion to Dismiss in Response to Plaintiff's Amended Complaint (Dkt. 11) is GRANTED, and all of Plaintiff's claims herein are dismissed with prejudice.

**SO ORDERED.**

**SIGNED this 25th day of February, 2013.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE